USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/8/2021

**Memorandum Endorsement**

Joseph Hauser III & Joseph T. Hauser, Jr. v. State Farm Mutual Automobile Insurance Co.,
7:21-cv-04673 (NSR)

On April 21, 2021, a Summons and Notice was filed in the New York Supreme Court, Rockland County, captioned Joseph Hauser III & Joseph T. Hauser, Jr. v. State Farm Mutual Automobile Insurance Co., index number 032104/2021. (ECF No. 1-1.) Subsequently, an Affidavit of Service was filed on May 3, 2021, and a Notice of Appearance and Demand for Complaint was filed on May 20, 2021. (*Id.*) Within 30 days of service of the Complaint, on May 25, 2021, Defendant State Farm Mutual Automobile Instance Co. ("Defendant" or "State Farm") filed a Petition for Removal to Federal Court with this Court, asserting diversity jurisdiction as the basis for subject matter jurisdiction. (ECF No. 1.)

On May 27, 2021, after the matter was removed to this Court, Defendant sought leave to file a motion for a more definite statement on the grounds that Plaintiffs' Summons and Notice was insufficient to permit Defendant to answer with affirmative defenses. (ECF No. 7.) On June 1, 2021, the Court ordered Plaintiffs to: (1) respond to the letter on or before June 8, 2021 and (2) file a notice of appearance in this matter. (ECF No. 8.) On June 6, 2021, Plaintiffs filed an affidavit purporting to oppose removal on the grounds that State Farm "is operating and conducting business in New York and upon information and belief subject to the jurisdiction of New York courts." (ECF No. 10.) Plaintiff also appears to have misfiled its verified complaint, still bearing the caption from the transferor New York state court. (ECF No. 9.)

Plaintiffs' application to remand this case back to the transferor state court is DENIED without prejudice to seeking such relief through the filing of a proper motion for remand. As an initial matter, Plaintiffs' purported opposition to removal is procedurally deficient insofar as Plaintiffs failed to first seek a pre-motion conference to discuss and seek leave from this Court to file a motion for remand. *See* Judge Román's Individual Practices in Civil Cases 3(A)(ii); 28 U.S.C. § 1447(c). Separately, from a review of Plaintiffs' opposition, it appears their papers are substantively deficient as well insofar as the only purported basis for remand asserted by Plaintiffs is that State Farm "is operating and conducting business in New York," and the operative question for the purposes of ascertaining the citizenship of a corporation is not whether a corporation does business in a state, but whether they are incorporated in that state or have a principal place of business in that state. *See* 28 U.S.C. § 1332(c). If Plaintiffs' were to file a motion for remand supported solely by the argument that State Farm conducts business in New York state, it would be promptly denied.

To the extent that Plaintiffs still intend to seek remand to state court, and have a colorable basis for doing so (bearing in mind that the Affidavit of Wayne A. Gavioli failed to raise any colorable basis for remand), the Court grants Plaintiffs' leave to file a motion for remand according to the following briefing schedule: (1) Plaintiffs' moving papers to be served (**not filed**) on July 8, 2021; (2) Defendant's opposition papers to be served (**not filed**) on August 9, 2021; and (3) Plaintiffs' reply papers to be served on August 24, 2021.

All motion documents shall be filed by the respective parties on the reply date, August 24, 2021. The parties shall provide two courtesy copies of their respective motion papers to Chambers on the date they are served upon opposing counsel. As long as Judge Román's Emergency Rules remain in place, the parties shall also provide electronic courtesy copies of their respective motion papers to Chambers via email as the documents are served.

Separately, the Court orders Plaintiffs' counsel to immediately file a notice of appearance in this matter. Defendant is directed to serve a copy of this endorsement on Plaintiffs' counsel as soon as possible and to file proof of service with this Court. This is the second time this Court has been forced to ask Defendant's counsel to keep Plaintiffs abreast of developments in a case that Plaintiffs initiated. Further failure to file a notice of appearance may result in costs being imposed on Plaintiffs' counsel.

Finally, in light of Plaintiffs' filing of a verified complaint (ECF No. 10), the Court considers Defendant's proposed motion for a more definite statement largely moot. Accordingly, Defendant's pre-motion application (ECF No. 7) is DENIED without prejudice. To the extent that Defendant still seeks to file a motion for a more definite statement, or to file a motion to dismiss the complaint, it is to file a pre-motion letter on or before June 14, 2021 specifying the proposed motion, basis for that motion, and whether the Defendant intends to brief this motion simultaneously with any motion for remand filed by Plaintiffs. In order to afford the parties time to sort out this barrage of applications, and the sequencing of motions, Defendant's responsive pleading deadline is held in abeyance through June 14, 2021 to the extent that denial of its pre-motion application is at all consequential in this respect.

The Clerk of the Court is kindly directed to terminate the Motion at ECF No. 7.

Dated: June 8, 2021
     White Plains, New York

SO ORDERED:

NELSON S. ROMÁN
United States District Judge



# HURWITZ & FINE, P.C.
## ATTORNEYS AT LAW

**Scott D. Storm**
sds@hurwitzfine.com

May 27, 2021

Nelson S. Roman, US District Judge
United States Courthouse
300 Quarropas Street
White Plains, New York 10601

> **RE:** **Joseph Hauser III, Joseph T. Hauser, Jr. vs. State Farm Mutual**
> **Automobile Insurance Company**
> **Docket Number:** **7:21-cv-04673-NSR**
> **Our File Number:** **20210654**

Dear Judge Roman:

I represent State Farm Mutual Automobile Insurance Company in this case.

This is a letter request for a pre-motion conference pursuant to Your Honor's Individual Practices in Civil Cases.

State Farm would like to file an immediate Fed. R. Civ. P. 12(e) Motion for a More Definite Statement. The plaintiff had filed a summons with notice in the New York State Supreme Court. State Farm served a notice of appearance and demand for complaint and then removed this case to the U.S.D.C., S.D.N.Y. based upon diversity jurisdiction.

As you know, federal procedure does not include a summons with notice or a notice of appearance and demand for complaint. Although my experience is that what occurs in state court before removal should remain valid and in full force after removal until duly altered – meaning the Plaintiffs must now timely serve a complaint -- the most cautious approach seems to include also filing the subject motion.

The summons with notice is insufficient for an adequate answer with affirmative defenses. It is so unintelligible that that a responsive pleading cannot be framed. Furthermore, the claim involves allegations of special damages which, pursuant to Fed. R. Civ. P. 9(g), must be specifically stated.

The proposed motion is attached as **Exhibit A**. Pursuant to Your Honor's Individual Practices courtesy copies of the summons with notice and notice of appearance and demand for complaint are attached as **Exhibit B**.

To any extent that an answer is arguably required in this case now that it has been removed to federal court, it would be due 7 days from the date of removal pursuant to Fed. R. Civ. P. 81 (c)(2)(C). The case was removed May 25, 2021. However, it is my understanding from the Individual Practices and a conversation our paralegal had with your chambers that this letter request will stay that deadline, to any extent it is arguably applicable, until the conference at which time Your Honor will set a new deadline. If my understanding is incorrect, then I would appreciate immediate permission to file the motion or to have the conference scheduled on or before June 1, 2021.

Thank you for your attention to this request. We look forward to hearing from you.

Very truly yours,

HURWITZ & FINE, P.C.

Scott D. Storm

SDS/dam

Attachments

cc:     Wayne A. Gavioli, Esq.
        via email:  Wgav2@aol.com

**Exhibit A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

JOSEPH HAUSER III, JOSEPH T. HAUSER, JR.,

                            Plaintiffs,

vs.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

                           Defendant.

_____

**NOTICE OF MOTION**

Civ No.: 7:21-cv-04673-NSR

PLEASE TAKE NOTICE, that upon the annexed declaration of Scott D. Storm, Esq. affirmed on the 27th day of May, 2021, together with the exhibits annexed thereto, and memorandum of law in support of the motion of Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, scheduled to be heard at a date and time to be set by the Court at the United States Courthouse, Southern District of New York, 300 Quarropas Street, White Plains, New York, for an Order, for a More Definite Statement pursuant to Federal Rule of Civil Procedure 12(e) on the grounds that Plaintiffs' Summons with Notice is so unintelligible that no responsive pleading or affirmative defenses can be framed; and for such other and further relief as this Court deems just and proper.

**PLEASE TAKE FURTHER NOTICE THAT**, that responding papers deadlines will be set by the Court.

Dated:  May 27, 2021
          Buffalo, New York

HURWITZ & FINE, P.C.

s/Scott D. Storm

---

Scott D. Storm, Esq. (SS8649)
Brian D. Barnas
*Attorneys for Defendant*
*State Farm Mutual Automobile Ins. Co.*
424 Main Street, Suite 1300
Buffalo, New York 14202
(716) 849-8900
SDS@hurwitzfine.com

TO:    Wayne A. Gavioli, Esq.
        Attorneys for Plaintiffs
        101 North Middletown Road
        Nanuet, New York 10954
        (845) 624-2525
        Wgav2@aol.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JOSEPH R. HAUSER III, and
JOSEPH T. HAUSER, JR.,

                Plaintiffs,

v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE CO.,

                Defendant.

**ATTORNEY DECLARATION
IN SUPPORT OF
DEFENDANT'S MOTION
FOR A MORE DEFINITE
STATEMENT**

Case No.: 7:21-cv-04673-NSR

---

        SCOTT D. STORM, Esq., under penalty of perjury and pursuant to 28 U.S.C. § 1746, declares the following to be true and correct:

        1.     I am a member with the law firm of Hurwitz & Fine, P.C., attorneys for Defendant, State Farm Mutual Automobile Insurance Company (hereinafter "State Farm"), in the above-captioned action, and as such, I am fully familiar with the facts and circumstances set forth herein.

        2.     This Declaration is made based upon my personal knowledge of the file maintained by my office with respect to this matter.

        3.     This Declaration, along with the accompanying Memorandum of Law, is submitted in support of State Farm's Motion for a More Definite Statement pursuant to Federal Rule of Civil Procedure 12(e) on the grounds that Plaintiffs' Summons with Notice is so unintelligible that no responsive pleading or affirmative defenses can be framed.

        4.     Joseph R. Hauser, III and Joseph T. Hauser, Jr. (together "the Plaintiffs") commenced this action in New York State Supreme Court, Rockland County on April 21, 2021 by filing a Summons with Notice. A copy of the Summons with Notice is attached as **Exhibit A**.

        5.     The Plaintiffs' Summons with Notice indicates this action is for breach of insurance

contract and seeks $250,000 in damages, punitive damages, attorneys' fees, court fees, and disbursements.

6.      State Farm, through counsel, filed a Notice of Appearance and a Demand for Complaint on May 20, 2021 in Supreme Court, Rockland County. A copy of the Notice of Appearance and Demand for Complaint are attached as **Exhibit B**.

7.      To date, State Farm has not been served with a Complaint.

8.      State Farm timely removed this action to the United States District Court, Southern District of New York on May 25, 2021. A copy of the Notice of Removal with exhibits is attached as **Exhibit C**.

9.      State Farm now brings this Motion for a More Definite Statement pursuant to Federal Rule of Civil Procedure 12(e).

10.     As discussed in the accompanying Memorandum of Law, State Farm's motion should be granted because the Plaintiffs' Summons with Notice is so unintelligible as to make it impracticable for State Farm to render any sort of responsive pleadings and/or affirmative defenses.

11.     Indeed, courts in the Second Circuit have repeatedly held that a Summons with Notice does not constitute a pleading for purposes of initiating a federal civil lawsuit.

12.     In addition, State Farm's motion should also be granted because the Plaintiffs seek special damages in this action, and they have not plead special damages with the specificity required by Federal Rules of Civil Procedure 9(g).

13.     As such, State Farm's motion should be granted in its entirety.

        I declare under penalty of perjury that the foregoing is true and correct.

Buffalo, New York
Executed on May 27, 2021.

Respectfully Submitted,

*/s/ Scott D. Storm*

_____

Scott D. Storm, Esq. (SS8649)
Brian D. Barnas, Esq.
*Attorneys for Defendant,*
424 Main Street, Suite 1300
Buffalo, New York 14202
(716) 849-8900
sds@hurwitzfine.com
bdb@hurwitzfine.com

# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ROCKLAND
————————————————————————X

JOSEPH HAUSER III,JOSEPH T HAUSER,JR

Plaintiff(s),

- vs -

State Farm Mutual Automobile Insurance Co.

Defendant(s).
————————————————————————X

**SUMMONS WITH NOTICE**

Index No.: _____

Date Index No. Purchased

_____

To the Person(s) Named as Defendant(s) Above:

PLEASE TAKE NOTICE THAT YOU ARE HEREBY SUMMONED to appear in this action by serving a notice of appearance on the Plaintiff(s) at the address set forth below within 20 days after the service of this Summons (not counting the day of service itself), or within 30 days after service is complete if the summons is not delivered personally to you within the State of New York.

YOU ARE HEREBY NOTIFIED THAT should you fail to answer or appear, a judgment will be entered against you by default for the relief demanded below.

Dated:  April 18 _____, 2021

Signature

WAYNE A. GAVIOLI, atty at law
Print name

Address and Phone Number:
101 North Middletown Road
Nanuet, New York 10954
Wgav2@aol.com

( 845 ) 624 - 2525

Defendant's Address:  PIPMPC B2, PO BOX 106170, ATLANTA , GA.30348-6170

Notice:   The nature of this action is:

BREACH OF INSURANCE CONTRACT FOR EXCESS COVERAGE, policy number

2588-404-52

The relief sought is:

MONETARY - $250,000, PUNITIVE DAMAGES, ATTORNEY FEES, COURT FEES AND DISBURSEMENTS

Should Defendant(s) fail to appear herein, judgment will be entered by default for the sum of $ 300,000 , with interest from the date of April 20, 2021 and the costs of this action.

Venue: Plaintiff(s) designate(s) Rockland County as the place of trial. The basis of this designation is

Plaintiff(s) reside in Rockland County.

# EXHIBIT B

STATE OF NEW YORK
SUPREME COURT : COUNTY OF ROCKLAND

---

JOSEPH HAUSER III, JOSEPH T. HAUSER, JR.,

                              Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY

                              Defendant.

---

ECF FILING

NOTICE OF APPEARANCE
AND DEMAND FOR
COMPLAINT

Index No. 032104/2021

       PLEASE TAKE NOTICE that Scott D. Storm of Hurwitz & Fine, P.C., hereby appears on

behalf of Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY in

the above-entitled action, and demands that a copy of the complaint and all papers in the above-

entitled action be served upon said attorneys at their offices at 1300 Liberty Building, Buffalo,

New York 14202.

DATED:      Buffalo, New York
              May 20, 2021

                          HURWITZ & FINE, P.C.

                          s/Scott D. Storm

                          Scott D. Storm, Esq.
                          *Attorneys for Defendant*
                          *State Farm Mutual Automobile Ins. Co.*
                          424 Main Street, Suite 1300
                          Buffalo, New York 14202
                          (716) 849-8900
                          SDS@hurwitzfine.com

TO:    Wayne A. Gavioli, Esq.
        Attorneys for Plaintiffs
        101 North Middletown Road
        Nanuet, New York 10954
        (845) 624-2525
        Wgav2@aol.com

EXHIBIT C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

JOSEPH HAUSER III, JOSEPH T. HAUSER, JR.,

                              Plaintiffs,

vs.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

                              Defendants.

_____

**PETITION FOR
REMOVAL TO FEDERAL
COURT**

Civ No.:

 

1.      Pursuant to 28 U.S.C. Section 1446(a) defendant, State Farm Mutual Automobile Insurance Company, by its attorneys, Hurwitz & Fine, P.C. hereby gives notice of the removal of this action from the State of New York, Supreme Court, County of Rockland, to the United States District Court for the Southern District of New York.

2.      Pursuant to Rule 81(a)(3)(A) of the Local Rule of Civil Procedure, annexed hereto as **Exhibit A** is an Index of the State Court pleadings in this matter.

3.      A copy of plaintiffs' Summons with Notice which was filed in the State Court action, Index No. 032104/2021 is annexed hereto as **Exhibit B**.

4.      According to plaintiffs' Summons with Notice, the defendant, State Farm Mutual Automobile Insurance Company, breached insurance policy number 2588-404-52.

5.      The plaintiffs are citizens of New York State because they reside in and are domiciled in New York State, Rockland County.  State Farm is a citizen of the State of Illinois because it is an Illinois corporation with its principal place of business in Bloomington, Illinois. See 28 U.S.C. §1332(c)(1).  State Farm is not a citizen of any other state or jurisdiction for purposes of 28 U.S.C. §1332.  Accordingly, the diversity requirement of 28 U.S.C. §1332(a)(1) is satisfied.

6.      The Summons with Notice alleges the amount in controversy to be $250,000.00, exclusive of interest and costs.  The amount of plaintiffs' claim for damages is thus in excess of the $75,000.00 jurisdictional limit.  State Farm has therefore established that the amount in controversy requirement of 28 U.S.C. §1332(a)(1) has been satisfied.

7.      Accordingly, this Court has original jurisdiction over this action based upon complete diversity of citizenship of the parties pursuant to 28 U.S.C. §1441 and removal of this action is proper.

8.      Venue is proper in the United States District Court pursuant to §1446(a) because this action is pending in Rockland County, which is within the Southern District of New York.

9.      The attached Summons with Notice was served upon State Farm April 29, 2021 through the Department of Finance, shown by the notice of service attached here to as **Exhibit C**. As such, removal of this action is timely under 28 U.S.C. §1446 (b), as made within 30 days of April 29, 2021.

10.     State Farm will give written notice to Plaintiffs (through their counsel) of the filing of this Petition for Removal, as required by 28 U.S.C. §1446(d).

11.     A copy of this Petition of Removal and a copy of the notice of Filing of this Petition of Removal will be filed by State Farm with the Clerk of the Supreme Court of the State of New York, County of Rockland, as required by 28 U.S.C. §1446(d).  Thus, Defendant has satisfied the requirements for removal under 28 U.S.C. §1446 and all applicable rules.

12.     For the foregoing reasons, Defendant respectfully requests that the United States District Court, Southern District of New York accept this Petition for Removal, remove this case from the Rockland County Supreme Court, and take and assume jurisdiction over this matter and issue such further orders and processes as may be necessary to the trial and conclusion thereof.

This Petition for Removal is submitted and filed without waiver of procedural or substantive defenses which are or may become available to the defendant.

Dated:   May 25, 2021
        Buffalo, New York

                                        HURWITZ & FINE, P.C.

                                        s/Scott D. Storm
                                        _____
                                        Scott D. Storm, Esq. (SS8649)
                                        *Attorneys for Defendant*
                                        *State Farm Mutual Automobile Ins. Co.*
                                        424 Main Street, Suite 1300
                                        Buffalo, New York 14202
                                        (716) 849-8900
                                        SDS@hurwitzfine.com

TO:     Wayne A. Gavioli, Esq.
        Attorneys for Plaintiffs
        101 North Middletown Road
        Nanuet, New York 10954
        (845) 624-2525
        Wgav2@aol.com

EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

JOSEPH HAUSER III, JOSEPH T. HAUSER, JR.,

Plaintiffs,

vs.

Civ No.:

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

Defendants.

_____

## INDEX OF STATE COURT PLEADINGS FOR ROCKLAND COUNTY

### INDEX NO.: 032104/2021

1.  Summons with Notice filed April 21, 2021

2.  Affidavit of Service filed May 3, 2021

3.  Notice of Appearance and Demand for Complaint filed May 20, 2021

EXHIBIT A TO NOTICE OF REMOVAL

Hurwitz & Fine, P.C.
1300 Liberty Building
Buffalo, New York 14202

EXHIBIT B

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ROCKLAND
------------------------------------------------------------X

JOSEPH HAUSER III,JOSEPH T HAUSER,JR.                          **SUMMONS WITH NOTICE**

                                Plaintiff(s),
                                                              Index No.: _____
        - vs -
                                                              Date Index No. Purchased
State Farm Mutual Automobile Insurance Co.
                                                              _____
                                Defendant(s).
------------------------------------------------------------X

To the Person(s) Named as Defendant(s) Above:

        PLEASE TAKE NOTICE THAT YOU ARE HEREBY SUMMONED to appear in this action
by serving a notice of appearance on the Plaintiff(s) at the address set forth below within 20
days after the service of this Summons (not counting the day of service itself), or within 30 days
after service is complete if the summons is not delivered personally to you within the State of
New York.

        YOU ARE HEREBY NOTIFIED THAT should you fail to answer or appear, a judgment
will be entered against you by default for the relief demanded below.

Dated:  April 18 _____ , 2021                    _____
                                                   Signature
                                                   WAYNE A. GAVIOLI, atty at law
                                                   Print name

                                                   Address and Phone Number:
                                                   101 North Middletown Road
                                                   Nanuet, New York 10954
                                                   Wgav2@aol.com

                                                   ( 845 ) 624 - 2525

Defendant's Address:  PIPMPC B2, PO BOX 106170, ATLANTA , GA.30348-6170

        Notice:   The nature of this action is:

        BREACH OF INSURANCE CONTRACT FOR EXCESS COVERAGE, policy number

        2588-404-52

        The relief sought is:

        MONETARY - $250,000, PUNITIVE DAMAGES, ATTORNEY FEES, COURT FEES
        AND DISBURSEMENTS

FILED: ROCKLAND COUNTY CLERK 04/21/2021 01:38 PM
NYSCEF DOC. NO. 1

INDEX NO. 032104/2021

RECEIVED NYSCEF: 04/21/2021

Should Defendant(s) fail to appear herein, judgment will be entered by default for the sum of $ 300,000 , with interest from the date of April 20, 2021 and the costs of this action.

Venue: Plaintiff(s) designate(s) Rockland County as the place of trial. The basis of this designation is

Plaintiff(s) reside in Rockland County.

EXHIBIT C

AFFIDAVIT OF SERVICE

SUPREME COURT
STATE OF NEW YORK, COUNTY OF ROCKLAND

Index No. RECEIVED NYSCEF: 032104/2021 05/03/2021
Date Filed: _____ April 12, 2021
Court Date: _____
Assigned Justice: _____

File No.: _____

*Joseph Hauser III,., et ano*

*Plaintiff(s)/Petitioner(s)*

vs.

*State Farm Mutual Automobile Insurance Co*

*Defendant(s)/Respondent(s)*

STATE OF New York _____ , COUNTY OF ALBANY _____ SS.:

Heather Morigerato _____ , being duly sworn deposes and says: Deponent is not a party herein, is over 18 years of age and resides in New York. On _____ Thursday, April 29, 2021 _____ at _____ 4:00 PM .

at _____ c/o Department of Finance, One Commerce Plaza, Albany, NY 12207 _____ deponent served the within

Summons With Notice and Notice of Commencement of Action Subject to Mandatory Electronic Filing

on: _____ State Farm Mutual Automobile Insurance Company s/h/a State Farm Mutual Automobile Insurance Co _____

_____ Defendant _____ therein named.

The index number and the filing date of the action were endorsed upon the face of the papers so served herein.

CORPORATION #1 [X]
By delivering to and leaving with **Colleen Draper via UPS Ground per instruction, Authorized to accept** and that deponent knew the person so served to be the authorized agent of the corporation, and said person stated that he/she was authorized to accept service on behalf of the corporation.

DESCRIPTION #2 [X]
(use with #1, 2 or 3)
A description of the Defendant, or other person served, or spoken to on behalf of the Defendant is as follows:
Sex: Female _____ Color of skin: White _____ Color of hair: NA _____ Age: NA _____ Height: NA _____
Weight: NA _____ Other Features: _____

#3 WIT FEES [ ]
$ the authorized witness fee and / or traveling expenses were paid (tendered) to the recipient.

#4 OTHER [X]
Documents sent via UPS Ground to Colleen Draper at NYS Dept. of Finance (via UPS Ground IZA9978A0396918214) 4/29/2021 per instructions as DFS not open to public due to COVID19. NYS DFS will provide attorney with acknowledgment direct.

Sworn to before me on this 29th day of April 2021

SCOTT SCHUSTER
Notary Public, State of New York
No. 01SC6309633
Qualified in Albany County
Commission Expires July 28, 2022

Heather Morigerato

Job # S1858017

*Servico, Inc., P.O. Box 871, Albany, NY 12201*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

JOSEPH R. HAUSER III, and
JOSEPH T. HAUSER, JR.,

                          Plaintiffs,

v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE CO.,

                         Defendant.
_____

**DEFENDANT'S MEMORANDUM
OF LAW IN SUPPORT OF
MOTION FOR A MORE
DEFINITE STATEMENT**

Case No.: 7:21-cv-04673-NSR

## <u>PRELIMINARY STATEMENT</u>

Defendant, State Farm Mutual Automobile Insurance Co., (hereinafter "State Farm"), submits this memorandum of law in support of its motion for a more definite statement pursuant to Fed. R. Civ. P. 12(e).

Plaintiffs commenced this action on or about April 21, 2021 by filing a Summons with Notice in New York State Supreme Court, Rockland County, alleging that State Farm breached its contractual obligation to provide Plaintiffs with insurance coverage. State Farm now brings this motion for a more definite statement on the grounds that Plaintiffs' Summons with Notice is so unintelligible that no responsive pleading or affirmative defense can be framed.

Indeed, Plaintiffs' Summons with Notice does not provide State Farm with enough detail to formulate a responsive pleading with affirmative defenses, evaluate potential motion practice, or to engage in discovery. In addition, Plaintiffs' Summons with Notice seeks special damages, which must be specifically stated pursuant to Fed. R. Civ. P. 9(g).

Accordingly, State Farm's motion for a more definite statement should be granted.

## STANDARD

A motion made pursuant to Fed. R. Civ. P. 12(e) should be granted where the pleading is so unintelligible as to seriously prejudice the defendant in attempting to answer it. *See, e.g., Greater New York Auto Dealers Ass'n v. Enviro. Sys. Testing, Inc.*, 211 F.R.D. 71, 74 (E.D.N.Y. 2002); *applied in the Southern District in In re Methyl Tertiary Butyl Ether Prods. Liab. Lit.*, 233 F.R.D. 133, 134 (S.D.N.Y. 2005). The purpose of a complaint is to inform the defendant as to the general nature of the action and as to the incident(s) out of which the cause(s) of action arose. *Id.*, *citing Bower v. Weisman*, 639 F.Supp. 532, 538 (S.D.N.Y. 1986). Thus, where the pleading does not contain so much as a short and plain statement showing that the pleader is entitled to relief, a motion for a more definite statement should be granted. *Id.*, *citing Kelly v. L.L. Cool J.*, 145 F.R.D. 32, 35 (S.D.N.Y. 1992).

## ARGUMENT

### POINT I

### PLAINTIFFS' SUMMONS WITH NOTICE IS SO UNINTELLIGIBLE THAT NO RESPONSIVE PLEADING CAN BE FRAMED

State Farm's motion for a more definite statement should be granted because Plaintiffs' Summons with Notice is so unintelligible so as to prevent any responsive pleading. The Summons with Notice does not provide State Farm with an adequate basis to formulate a responsive pleading with affirmative defenses, evaluate potential motion practice, or to engage in discovery.

As stated above, it is well established in New York federal courts that, where a pleading is so unintelligible as to make it impracticable for the opposing party to render any sort of responsive pleadings and/or affirmative defenses thereto, a motion for a more definite statement from said opposing party should be granted. *See, e.g., Greater New York Auto Dealers Ass'n v. Enviro. Sys. Testing, Inc.*, 211 F.R.D. 71, 74 (E.D.N.Y. 2002); *applied in the Southern District in*

*In re Methyl Tertiary Butyl Ether Prods. Liab. Lit.*, 233 F.R.D. 133, 134 (S.D.N.Y. 2005). Ordering a more definite statement is the appropriate remedy in this case because forcing State Farm to engage in discovery at this time based solely on the Summons with Notice would result in prejudice. State Farm has not been put on adequate notice of the cause(s) of action against it, nor of the facts giving rise to the same. *See generally Pelman ex rel. Pelman v. McDonald's Corp.*, 396 F.Supp.2d 439 (S.D.N.Y. 2005).

Here, the Summons with Notice does not set forth any factual basis for the claim(s) made against State Farm. Plaintiffs merely state that State Farm breached an "insurance contract for excess coverage," and that they are entitled to $250,000.00 monetary damages, punitive damages, fees, and disbursements without providing any factual basis. The Summons with Notice is not sufficient for State Farm to evaluate potential affirmative defenses, much less determine whether motion practice is appropriate or engage in meaningful discovery. State Farm would certainly be prejudiced by having to guess what the factual and legal basis for Plaintiffs' claims are if Plaintiffs are not required to set forth their claims more definitively.

This is further demonstrated by the fact that courts in the Second Circuit have consistently held that a Summons with Notice does not constitute a "pleading" for the purposes of initiating a federal civil lawsuit. *See E.Q. Howell Co. v. Underwriters Laboratories*, 596 F.Supp. 1517 (E.D.N.Y. 1984); *citing Manufacturers and Traders Trust v. Hartford Accident and Indemnity Co.*, 434 F.Supp. 1053 (W.D.N.Y. 1977) (holding that a Summons with Notice does not constitute an "initial pleading"). Surely if a Summons with Notice does not constitute an initial pleading it cannot possibly provide State Farm with sufficient information as to the claims against it to serve a responsive pleading . *See also Whitaker v. American Telecasting, Inc.*, 261 F.3d 196, 202-03 (2d Cir. 2001) ("[t]hese courts have rejected the notion that a summons with notice can constitute

the initial pleading because: (a) the summons with notice is not defined as a pleading under N.Y. C.P.L.R. § 3011; (b) the notice has no legal effect under New York law except in cases of default").

Accordingly, State Farm's motion for a more definite statement should be granted on the basis that Plaintiffs' Summons with Notice is so unintelligible that no responsive pleading, affirmative defense, nor discovery can occur.

## POINT II

### PLAINTIFFS MUST STATE THEIR CLAIMS FOR PUNITIVE DAMAGES ATTORNEYS' FEES AND ANY OTHER SPECIAL DAMAGES WITH SPECIFICITY IN ACCORDANCE WITH FED. R. CIV. P. 9(g)

It is a well-established rule of federal civil procedure that any item(s) of special damages must be specifically stated. Fed. R. Civ. P. 9(g). While "special damages" are not defined by Rule 9, they have been described as "those resulting from the commission in question and not normally associated with the claim." *Greater New York Auto. Dealers Ass'n v. Env't Sys. Testing, Inc.*, 211 F.R.D. 71, (E.D.N.Y. 2002). Where a party claims it has incurred attorney fees arising from a breach of contract, such fees are considered "special damages." *Metropolitan Opera Ass'n v. Local 100*, No. 00-CIV-3613 LAP, 2005 WL 1712241 (S.D.N.Y. 2005).

Plaintiffs Summons with Notice seeks punitive damages and attorneys' fees. Such damages are not typically recoverable in a basic action for breach of insurance contract. *See generally New York Univ. v. Contl. Ins. Co.*, 87 N.Y.2d 308, 662 N.E.2d 763 (1995); *Zelasko v. Merchants Mut. Ins. Co.*, 142 A.D.3d 1328, 38 N.Y.S.3d 643 (4th Dep't 2018). Accordingly, Plaintiffs were required to specifically plead their claim for attorneys' fees and punitive damages.

4

Plaintiffs Summons with Notice fails to meet this requirement. For this additional reason, State Farm's motion should be granted.

## **CONCLUSION**

Accordingly, State Farm's motion should be granted because Plaintiffs' Summons with Notice is so unintelligible as to make it impracticable for State Farm to render any sort of responsive pleadings and/or affirmative defenses and does not specifically state claimed special damages.

DATED:  May 27, 2021
     Buffalo, New York

         Respectfully Submitted,

         HURWITZ & FINE, P.C.

         s/Scott D. Storm

         _____
         Scott D. Storm, Esq. (SS8649)
         Brian D. Barnas, Esq.
         Attorneys for Defendant,
         424 Main Street, Suite 1300
         Buffalo, New York 14202
         (716) 849-8900
         sds@hurwitzfine.com
         bdb@hurwitzfine.com

EXHIBIT B

STATE OF NEW YORK
SUPREME COURT : COUNTY OF ROCKLAND

_____

JOSEPH HAUSER III, JOSEPH T. HAUSER, JR.,

                             Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY

                           Defendant.

_____

ECF FILING

NOTICE OF APPEARANCE
AND DEMAND FOR
COMPLAINT

Index No. 032104/2021

       PLEASE TAKE NOTICE that Scott D. Storm of Hurwitz & Fine, P.C., hereby appears on

behalf of Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY in

the above-entitled action, and demands that a copy of the complaint and all papers in the above-

entitled action be served upon said attorneys at their offices at 1300 Liberty Building, Buffalo,

New York 14202.

DATED:      Buffalo, New York
              May 20, 2021

                                   HURWITZ & FINE, P.C.

                                   s/Scott D. Storm

                                 _____

                                 Scott D. Storm, Esq.
                                 *Attorneys for Defendant*
                                 *State Farm Mutual Automobile Ins. Co.*
                                 424 Main Street, Suite 1300
                                 Buffalo, New York 14202
                                 (716) 849-8900
                                 SDS@hurwitzfine.com

TO:    Wayne A. Gavioli, Esq.
Attorneys for Plaintiffs
101 North Middletown Road
Nanuet, New York 10954
(845) 624-2525
Wgav2@aol.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK                    CIVIL ACTION
_____X
JOSEPH HAUSER III and JOSEPH T.
HAUSER, Jr.,
                                                 Case No.: 7:21-cv-04673-NSR
          Plaintiffs,

     -against-                                   REPLY OBJECTION TO
                                                 PETITION FOR REMOVAL
STATE FARM MUTUAL ,                              FROM SUPREME COURT
AUTOMOBILE INSURANCE CO.,                        COUNTY OF ROCKLAND


          DEFENDANT.


_____X

**SIRS:**

Plaintiffs, JOSEPH HAUSER III and JOSEPH T. HAUSER Jr., by and through their

attorney, WAYNE A. GAVIOLI, P.C., objects to the Petition for removal from Rockland

County Supreme Court as follows:

     1.   Denies knowledge as to paragraphs 1, 5, 7, 11.

     2.   State Farm is operating and conducting business in New York and upon

Information and belief subject to the jurisdiction of New York courts.  It is upon

Information and belief licensed by the State of New York to do so.

     3.   The Complaint filed in New York State Supreme Court County of Rockland
is annexed.

     4.   Thus, the Petition should be denied.


Dated:  Nanuet, New York 10954
        June 5, 2021                    Yours, etc.

                                        _____
                                        WAYNE A. GAVIOLI
                                        WAYNE A. GAVIOLI P.C.

Attorney for Plaintiffs
Joseph Hauser III and Joseph T. Hauser Jr.
101 No. Middletown Road
Nanuet, New York 10954
(845)-624-2525
Fax: (845)-623-1051
Email: wgav2@aol.com

TO: Scott D. Storm, Esq.
    Hurwitz and Fine
    Attorneys for Defendant
STATE FARM MUTUAL INSURANCE CO
    424 Main Street Suite 1300
    Buffalo, New York  14202
    716-849-8900
    SDS@hurwitzfine.com

SUPREME COURT OF THE STATE OF NEW YORK

COUNTY OF ROCKLAND

———————————————————————————X

JOSEPH HAUSER III, JOSEPH T. HAUSER, Jr.        Verified Complaint

Index No.032104/2021

      Plaintiffs,

      -against-

STATE FARM MUTUAL AUTOMOBILE INSURANCE

CO.

      Defendant.

———————————————————————————X

      Plaintiffs, Joseph HAUSER II and JOSEPH T. HAUSER, Jr., by their attorney, WAYNE A. GAVIOLI P.C., as and for a Verified Complaint, allege the following, at all times hereinafter mentioned, upon information and belief:

1.   Plaintiffs were and still are residents of the County of Rockland, State of New York.

2.   Upon information and belief Defendant State Farm Mutual Automobile Insurance Company

is a licensed insurance company.

3.   Upon information and belief, Defendant State Farm is licensed to do business in the State of New York.

4.   Plaintiff Joseph T. Hauser Jr. did obtain automobile liability insurance from State Farm, Policy # 258 8404-C15-52.

5.   Pursuant to said policy there was underinsured coverage equal to $100,000/$300,000.

6.   That the Plaintiff Joseph Hauser III was a lawful operator of the insured vehicle.

7.   That said Plaintiff was seriously injured while operating said vehicle on April 18, 2018.

8. That said Plaintiff did institute a Personal Injury action in Supreme Court New York County.

9. That the Defendant did settle said action for the full amount of the insurance policy to wit, $25,000.

10. That Plaintiffs did thereafter provide notice to Defendant State Farm claiming benefits for the underinsured benefits of Plaintiff, Joseph Hauser III under the policy.

11. That the Defendant State Farm failed and refused to provide said benefits.

12. That Plaintiff Joseph Hauser III was severely impaired and is permanently disabled from performing his duties as a New York City Fire Department fireman.

## AS AND FOR A FIRST CAUSE OF ACTION

13. Plaintiffs repeat and reiterate all allegations in Paragraphs 1 through 12 as if fully set forth herein.

14. That Defendant has breached its Contract to provide underinsured benefits as set forth and provided in the policy.

15. As a result thereof Plaintiffs have been damaged in the sum of $300,000 together with court costs, legal fees and punitive damages.

## AS AND FOR A SECOND CAUSE OF ACTION

16. Plaintiffs repeat and reiterate all allegations in Paragraphs 1 through 15 as if fully set forth herein.

17. Defendant had a legal and fiduciary obligation to Plaintiffs.

18. Plaintiffs relied on the Defendant regarding payment for underinsured claims.

19. The Defendant had a fiduciary and legal obligation to make said payment.

20. Said Defendant failed, refused and continues to do so without just cause.

21. Therefore Plaintiffs are entitled to all damages resulting therefrom.

## AS AND FOR A THIRD CAUSE OF ACTION

22. Plaintiffs repeat and reiterate all allegations in Paragraphs 1 through 21 as if fully set forth herein.

23. The duty of good faith and fair dealing and the insurance law of the State of New York justified review and payment of the aforesaid claim.

24. Notwithstanding said duly and legal obligations, the Defendant has failed and continues to fail to adhere to the insurance law and to engage in good faith resolution of the claim.

WHEREFORE, Plaintiffs demand judgment as to each cause of action for $300,000
Punitive damages of $150,000, legal fees of $5000, court costs and disbursements.

Dated: Nanuet, New York

     June 5, 2021

WAYNE A. GAVIOLI, ESQ.

WAYNE A. GAVIOLI PC

Attorney for Plaintiffs

101 No. Middletown Road

Nanuet, New York 10954

(845)-624-2525

Fax: (845)-623-1051

Email: wgav2@aol.com

CLIENT VERIFICATION

STATE OF NEW YORK
COUNTY OF ROCKLAND      ss:

JOSEPH T. HAUSER, Jr., being duly sworn, deposes and says that deponent is the

Plaintiff in this action and has read the complaint; deponent knows its contents and knows that it

is true to the best of deponent's knowledge, except as to those matters stated to be upon

information and belief, and as to those matters deponent believes them to be true.

_____
Joseph T. Hauser, Jr.

Sworn to before me this ____5th____ day
of _June_ , 2021

_____
Notary Public

WAYNE A. GAVIOLI
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 02GA6236613
Qualified in Rockland County
Commission Expires Feb. 28, 2023



# NYSCEF - Rockland County Supreme Court
# Confirmation Notice

The NYSCEF website has received an electronic filing on 06/06/2021 04:19 PM. Please keep this notice as a confirmation of this filing.

**032104/2021**
**Joseph Hauser III et al v. State Farm Mutual Automobile Insurance Co.**
**Assigned Judge: None Recorded**

## Documents Received on   06/06/2021 04:19 PM

| Doc # | Document Type |
|-------|---------------|
| 6 | COMPLAINT |

## Filing User

Wayne Anthony Gavioli | Wgav2@aol.com
101 N Middletown Rd, Nanuet, NY 10954

## E-mail Notifications

An email regarding this filing has been sent to the following on 06/06/2021 04:19 PM:

WAYNE A. GAVIOLI - Wgav2@aol.com
SCOTT D. STORM - sds@hurwitzfine.com

Donna G. Silberman, silbermd@co.rockland.ny.us
Phone: 845-638-5094      Fax: 845-638-5221      Website: http://rocklandgov.com/departments/clerks-office/

**NYSCEF Resource Center, nyscef@nycourts.gov**
Phone: (646) 386-3033 | Fax: (212) 401-9146 | Website: www.nycourts.gov/efile

Page 1 of 1