```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/14/2021
```

**Memorandum Endorsement**

<u>Joseph Hauser III & Joseph T. Hauser, Jr. v. State Farm Mutual Automobile Insurance Co.</u>, 7:21-cv-04673 (NSR)

On June 14, 2021, Defendant State Farm Mutual Automobile Insurance Company ("Defendants") filed the attached letter motion requesting a pre-motion conference in order to discuss its proposed motion to dismiss Plaintiffs Joseph Hauser, III and Joseph T. Hauser, Jr. (collectively "Plaintiffs") Complaint pursuant to Fed. R. Civ. P. 12(b)(6).  (ECF No. 15.)

Plaintiffs' Complaint was initially filed in state court <u>after this case was already removed to federal court</u>.  This Court reminds Plaintiffs that it needs to secure remand of this matter to state court if it wishes to proceed with filing operative documents in the state court.  Pursuant to 28 U.S.C. § 1446(d) "all state-court proceedings must cease once a notice of removal has been filed, unless and until the action is remanded to state court . . . Accordingly, any [post-removal] action [the plaintiff] may have taken to amend the complaint is state court is a nullity, without effect on the case or its removability."  *Kane v. St. Raymond's Roman Cath. Church*, No. 14-cv-7028, 2015 WL 4270757, at *3 (S.D.N.Y. July 13, 2015).  Here, Plaintiffs filed their Verified Complaint in state court on June 6, 2021, even though the notice of removal had been filed on May 25, 2021.  Accordingly, the post-removal attempt to proceed with pleadings in state court is a nullity.  Nonetheless, Plaintiffs have subsequently appropriately filed their complaint in this Court (*see* ECF No. 13) and Defendant's request for leave to file a motion to dismiss has ripened.

Accordingly, the Court denies Defendant's request for a pre-motion conference, waives its pre-motion conference requirement, and grants Defendant leave to file its proposed motion to dismiss pursuant to the following briefing schedule:

1. Defendant is to serve (**not file**) its moving papers on July 14, 2021;
2. Plaintiffs are to serve (**not file**) their opposition papers on August 13, 2021; and
3. Defendant is to serve its reply papers on August 30, 2021.

All motion documents shall be filed by the respective parties on the reply date, August 30, 2021.  The parties shall provide two courtesy copies of their respective motion papers to Chambers on the date they are served upon opposing counsel. As long as Judge Román's Emergency Rules remain in place, the parties shall <u>also</u> provide electronic courtesy copies of their respective motion papers to Chambers via email as the documents are served.

The Clerk of the Court is respectfully directed to terminate the motion at ECF No. 15.

Dated: June 14, 2021
      White Plains, New York

SO ORDERED:

_____
NELSON S. ROMÁN
United States District Judge



**Scott D. Storm**
sds@hurwitzfine.com

June 14, 2021

Nelson S. Roman, US District Judge
United States Courthouse
300 Quarropas Street
White Plains, New York 10601

      **RE:  Joseph Hauser III, Joseph T. Hauser, Jr. vs. State Farm Mutual**
           **Automobile Insurance Company**
           **Docket Number:   7:21-cv-04673-NSR**
           **Our File Number:  20210654**

Dear Judge Roman:

I represent State Farm Mutual Automobile Insurance Company in this case.

This is a letter request for a pre-motion conference pursuant to Your Honor's Individual Practices in Civil Cases.

State Farm would like to file a pre-answer Fed. R. Civ. P. 12(b)(6) motion to dismiss the Plaintiff's Verified Complaint filed on June 6, 2021, in the State of New York Supreme Court, County of Rockland, under Index no. 032104/2021, despite this case having been removed to the United States District Court, Southern District of New York on May 26, 2021.  A copy of the Verified Complaint is attached as **Exhibit A**.  Plaintiff's Verified Complaint fails to state a claim upon which relief may be granted, at least in part.

State Farm proposes following the briefing schedule set forth in Your Honor's Order of June 8, 2021:  moving papers to be served (not filed) on July 8, 2021; (2) opposition papers to be served (not filed) on August 9, 2021; and reply papers to be served on August 24, 2021.  All motion documents shall be filed by the respective parties on the reply date, August 24, 2021.

The basis for the motion is, among other things, that Plaintiff's demand for "punitive damages" in the *ad damnum* falls far short of the high standard for alleging a claim for such relief in New York

HEADQUARTERS: 1300 LIBERTY BUILDING, BUFFALO, NEW YORK 14202 ▼ P: 716-849-8900 ▼ F: 716-855-0874 ▼ WWW.HURWITZFINE.COM
OFFICES IN ▼ BUFFALO, NEW YORK ▼ ALBANY, NEW YORK ▼ ALBION, NEW YORK ▼ AMHERST, NEW YORK ▼ MELVILLE, NEW YORK
NIAGARA FALLS, NEW YORK ▼ PALM BEACH GARDENS, FLORIDA ▼ TORONTO, ONTARIO ▼ FAX/E-MAIL NOT FOR SERVICE

**HURWITZ & FINE, P.C.**

Nelson S. Roman, US District Judge
United States Courthouse
June 14, 2021
Page 2

as set forth by the Court of Appeals in the seminal case of *N.Y. Univ. v. Contl. Ins. Co.*, 87 N.Y.2d 308, 315-316 (1995).  Importantly, the Court of Appeals has held that extra-contractual damages for "bad faith" are only recoverable where there is a recognizable cause of action in tort that is "independent of the contract".  Among other things, no tortious conduct separate and distinct from the breach of contract claim has been alleged.  Plaintiff's Complaint contains no allegations that State Farm's alleged conduct was actionable as an independent tort, let alone tortious conduct of an egregious nature as set forth in *Walker v. Sheldon*, 10 N.Y.2d 401, 404-405 (1961).

The demand for attorneys' fees must also be dismissed.  New York courts are well-settled that attorneys' fees are not recoverable in this alleged breach of contract action due to a controversy with a carrier over coverage, even if the carrier was to lose the controversy and be held responsible for the risk.  *Liberty Surplus Ins. Corp. v. Segal Co.,* 420 F.3d 65, 67 (2d Cir.2005) (quoting *Employers Mut. Cas. Co. v. Key Pharms.,* 75 F.3d 815, 824 (2d Cir.1996)).

It is my understanding from the Individual Practices (3.,A., ii.) that this letter request will stay the deadline for State Farm's responsive pleading set forth in the June 8, 2021 Order, which says that the responsive pleading deadline is held in abeyance through June 14, 2021.  Please let me know if my understanding is incorrect in this regard and, in the alternative, we will file an answer today and then seek permission for a Fed. R. Civ. P. 12(c) motion instead.

Thank you for your attention to this request.  We look forward to hearing from you.

                                        Very truly yours,

                                        HURWITZ & FINE, P.C.

                                        Scott D. Storm

SDS:

Enclosure:  Verified Complaint

cc:      Wayne A. Gavioli, Esq.
          via email:  Wgav2@aol.com

# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK

COUNTY OF ROCKLAND

————————————————————X

JOSEPH HAUSER III, JOSEPH T. HAUSER, Jr.   Verified Complaint

Index No.032104/2021

Plaintiffs,

-against-

STATE FARM MUTUAL AUTOMOBILE INSURANCE CO.

Defendant.

————————————————————X

Plaintiffs, Joseph HAUSER II and JOSEPH T. HAUSER, Jr., by their attorney, WAYNE A. GAVIOLI P.C., as and for a Verified Complaint, allege the following, at all times hereinafter mentioned, upon information and belief:

1. Plaintiffs were and still are residents of the County of Rockland, State of New York.

2. Upon information and belief Defendant State Farm Mutual Automobile Insurance Company is a licensed insurance company.

3. Upon information and belief, Defendant State Farm is licensed to do business in the State of New York.

4. Plaintiff Joseph T. Hauser Jr. did obtain automobile liability insurance from State Farm, Policy # 258 8404-C15-52.

5. Pursuant to said policy there was underinsured coverage equal to $100,000/$300,000.

6. That the Plaintiff Joseph Hauser III was a lawful operator of the insured vehicle.

7. That said Plaintiff was seriously injured while operating said vehicle on April 18, 2018.

8. That said Plaintiff did institute a Personal Injury action in Supreme Court New York County.

9. That the Defendant did settle said action for the full amount of the insurance policy to wit, $25,000.

10. That Plaintiffs did thereafter provide notice to Defendant State Farm claiming benefits for the underinsured benefits of Plaintiff, Joseph Hauser III under the policy.

11. That the Defendant State Farm failed and refused to provide said benefits.

12. That Plaintiff Joseph Hauser III was severely impaired and is permanently disabled from performing his duties as a New York City Fire Department fireman.

## AS AND FOR A FIRST CAUSE OF ACTION

13. Plaintiffs repeat and reiterate all allegations in Paragraphs 1 through 12 as if fully set forth herein.

14. That Defendant has breached its Contract to provide underinsured benefits as set forth and provided in the policy.

15. As a result thereof Plaintiffs have been damaged in the sum of $300,000 together with court costs, legal fees and punitive damages.

## AS AND FOR A SECOND CAUSE OF ACTION

16. Plaintiffs repeat and reiterate all allegations in Paragraphs 1 through 15 as if fully set forth herein.

17. Defendant had a legal and fiduciary obligation to Plaintiffs.

18. Plaintiffs relied on the Defendant regarding payment for underinsured claims.

19. The Defendant had a fiduciary and legal obligation to make said payment.

20. Said Defendant failed, refused and continues to do so without just cause.

21. Therefore Plaintiffs are entitled to all damages resulting therefrom.

### AS AND FOR A THIRD CAUSE OF ACTION

22. Plaintiffs repeat and reiterate all allegations in Paragraphs 1 through 21 as if fully set forth herein.

23. The duty of good faith and fair dealing and the insurance law of the State of New York justified review and payment of the aforesaid claim.

24. Notwithstanding said duly and legal obligations, the Defendant has failed and continues to fail to adhere to the insurance law and to engage in good faith resolution of the claim.

WHEREFORE, Plaintiffs demand judgment as to each cause of action for $300,000

Punitive damages of $150,000, legal fees of $5000, court costs and disbursements.

Dated: Nanuet, New York
June 5, 2021

WAYNE A. GAVIOLI, ESQ.
WAYNE A. GAVIOLI PC
Attorney for Plaintiffs
101 No. Middletown Road
Nanuet, New York 10954
(845)-624-2525
Fax: (845)-623-1051
Email: wgav2@aol.com

CLIENT VERIFICATION

STATE OF NEW YORK
COUNTY OF ROCKLAND  ss:

JOSEPH T. HAUSER, Jr., being duly sworn, deposes and says that deponent is the Plaintiff in this action and has read the complaint; deponent knows its contents and knows that it is true to the best of deponent's knowledge, except as to those matters stated to be upon information and belief, and as to those matters deponent believes them to be true.

_____
Joseph T. Hauser, Jr.

Sworn to before me this 5th day
of June, 2021

_____
Notary Public

WAYNE A. GAVIOLI
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 02GA6236613
Qualified in Rockland County
Commission Expires Feb. 28, 2023